UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

John Doe,
Plaintiff,
v.
University of Nebraska,
Defendant.

Civil Action No. [TBD]: 4:25CV3122

Filed concurrently with:
Motion to Proceed Under Pseudonym;
Motion for Appointment of Counsel; and
Motion to Seal Plaintiff's Identity.

COMPLAINT

Plaintiff John Doe respectfully submits this pro se Complaint for relief from sex-based employment discrimination and retaliation under Title VII or Title IX.

INTRODUCTION

This is a civil rights action brought under Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 for unlawful sex-based employment discrimination and retaliation. Plaintiff, who was at the time a part-time employee and student at a public university, was denied a salaried promotion on the basis of sex. The position was instead awarded to another candidate under circumstances clearly reflecting discriminatory intent based on sex.

After Plaintiff raised internal complaints about discrimination, university officials responded by initiating a disciplinary process that was procedurally irregular, retaliatory, and misused to suppress the Plaintiff's grievance. Plaintiff also initiated a formal Title IX complaint to address the discriminatory misuse of internal procedures and sex-based discrimination in employment decisions. In the wake of these actions, Plaintiff was subjected to escalating

retaliation and harassment, including fabrication and withholding of documents, misleading communications about grievance procedures, and the circulation of damaging false statements at a key prospective employer within Plaintiff's field.

Further misconduct by university officials included the covert initiation of an additional internal disciplinary process, entirely hidden from Plaintiff, alongside the use of fabricated evidence, withholding of exculpatory material, and violations of federal regulations governing Title IX procedures. These retaliatory acts culminated in adverse impacts on Plaintiff's academic standing, access to student government, timely receipt of financial aid, and academic record.

Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission. After the university submitted incomplete and misleading documentation to the Commission, the claim was dismissed. Plaintiff then received a Notice of Right to Sue. This Complaint is filed within 90 days of that notice.

Plaintiff seeks monetary compensation for lost wages, future earnings, emotional distress, reputational harm, and all other relief the Court deems just and proper.

JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 because the case involves federal law, including Title VII and Title IX.

Venue is proper in this district under 28 U.S.C. § 1391 because the events happened in the District of Nebraska, Lincoln Division. The Defendant, University of Nebraska, is located in Lancaster County, Nebraska.

PARTIES

Plaintiff John Doe is a former graduate student and former part-time employee of the University of Nebraska. At the time of the events giving rise to this Complaint, Plaintiff was enrolled in a graduate program and employed as a part-time research intern. Plaintiff was denied a salaried research position, and associated tuition remission, based on sex. Following Plaintiff's internal reports of discrimination, Plaintiff was subjected to retaliatory, harassing, and procedurally irregular disciplinary processes. Plaintiff has since completed a master's degree but, as a result of the university's actions, has been systematically excluded from employment opportunities in his credentialed field.

Defendant University of Nebraska is a public institution of higher education headquartered in Lancaster County, Nebraska, and is an employer within the meaning of Title VII. The University also receives federal financial assistance and is therefore subject to Title IX. At all relevant times, the University operated and controlled the academic and employment programs at issue.

FACTUAL BACKGROUND

Plaintiff was a graduate student and part-time research intern at the University of Nebraska during the Fall Semester of 2023. In August 2023, Plaintiff inquired about salaried research assistantships within his academic program and was informed that a position, managed by a faculty member, would soon become available. After expressing interest, receiving recommendation and submitting his CV, Plaintiff was offered an hourly research internship by that same faculty member, without the benefits that had previously been afforded to female interns in the same position.

Throughout the Fall Semester, Plaintiff performed his hourly research duties satisfactorily. However, when the salaried assistantship became available, and despite clear interest from Plaintiff and another enrolled male student, the faculty member selected a female candidate who was not yet even admitted into the program and therefore ineligible to begin work immediately. When Plaintiff inquired into this decision, he was met with overt sex-based hostility. Shortly thereafter, the faculty member launched a series of coordinated complaints against him to multiple university offices, including the campus police, the equity office, the dean's office, and student conduct, despite the absence of any prior misconduct.

Over the following months, Plaintiff experienced sustained and escalating retaliation. This included the fabrication and selective editing of emails, the exclusion of exculpatory witness testimony, and procedural violations across both the Title IX and disciplinary systems. A classmate, acting at the direction of the faculty member, circulated demonstrably false and professionally damaging statements about Plaintiff at a key prospective employer within his field. Plaintiff's internship was not renewed despite his satisfactory performance. He was subsequently subjected to a university conduct hearing that relied not on evidence but on stereotype-driven perceptions voiced by university officials. This resulted in mixed findings and caused Plaintiff to be removed from his elected student government role.

Between Winter 2023 and Summer 2024, Plaintiff pursued a formal Title IX complaint to address the sex-based discrimination and retaliation. During this process, Plaintiff uncovered numerous irregularities and violations, including the concealment of key evidence, initiation of duplicative investigations without notice, and failures to comply with federal requirements; specifically, the university's refusal to provide access to the full investigative evidence in violation of 34 C.F.R. § 106.45. Despite explicit admissions of sex-based prejudice by respondents and despite submitting formal appeals, Plaintiff received no reasoned explanation for the eventual dismissal of his complaint.

In April 2024, Plaintiff filed a parallel charge with the Nebraska Equal Opportunity Commission (NEOC). Over several months, he provided extensive documentation and participated in multiple interviews. During this process, Plaintiff discovered that the university's response to NEOC materially contradicted the documentation and findings it had previously furnished to him during its internal Title IX investigation. Critically, the university's submission to NEOC drew heavily from a duplicative and undisclosed internal investigation, one that Plaintiff was never informed of and never allowed to participate in. NEOC ultimately issued a no reasonable cause finding based largely on that limited, selectively curated record. Plaintiff then filed for Substantial Weight Review with the EEOC in February 2025. On March 13, 2025, Plaintiff received a denial of review and a Notice of Right to Sue in federal court.

Through April and May 2025, Plaintiff applied to numerous positions for which he was well qualified within his discipline's sector. He received multiple rejections from prominent employers in the field, several of which cited a purported lack of minimum qualifications, despite Plaintiff's well-documented credentials. In addition, Plaintiff received a generic rejection from the previously identified key prospective employer, where professionally damaging hearsay had been circulated by a classmate at the behest of the university faculty member. These rejection notices, while outwardly routine and delivered via standard Human Resources (HR) email, were carbon copied to multiple specific HR representatives. The pre-assignment of individual HR staff to handle Plaintiff's otherwise routine applications reflects risk containment behavior. When considered in conjunction with the anomalous rejection patterns and other documented misconduct, these facts support the conclusion that the university's discriminatory and retaliatory treatment has resulted in Plaintiff being blacklisted within his professional sector.

The facts set forth above establish a clear and well-documented pattern of sex-based employment discrimination, targeted institutional retaliation, and long-term reputational and professional harm. Plaintiff brings this action within the 90-day statutory period following receipt of the EEOC's Notice of Right to Sue and seeks full legal and equitable relief.

CAUSES OF ACTION

Count I – Violation of Title VII of the Civil Rights Act of 1964

Plaintiff seeks relief under Title VII and satisfies all elements of the *McDonnell Douglas Corp. v. Green* (1973) framework. Plaintiff, a male, is a member of a protected class. He was qualified for, and formally sought, a promotion to a salaried research assistantship. He was not selected, despite having been recommended by a senior colleague of the hiring faculty member, and despite performing satisfactorily in the same research setting as an hourly intern.

The position was awarded instead to a female candidate who was not yet enrolled in the academic program and was ineligible to begin work immediately, requiring a delay in filling the position. The faculty member had expressed explicit sex-based preferences and admitted during the internal grievance process that Plaintiff's sex was a source of discomfort. These remarks, along with statements by other university officials and related actions, establish not merely an inference but a facially evident pattern of sex-based employment discrimination and retaliation.

Title VII prohibits both discrimination and retaliation, and the Plaintiff engaged in protected activity by raising internal complaints about sex-based bias.

The University's actions and omissions collectively violated Title VII's prohibition on sex-based failure to promote and retaliation for internal complaints of discrimination.

Plaintiff seeks all appropriate relief under this Count, including compensatory damages for lost wages (back pay), anticipated future earnings (front pay), and non-economic damages arising from emotional distress and reputational harm.

Or in the alternative;

Count II – Violation of Title IX of the Education Amendments of 1972

This claim is brought pursuant to *Gebser v. Lago Vista* (1998). The University of Nebraska, through multiple officials with authority to investigate and remedy discrimination, had actual notice of Plaintiff's complaints of sex-based employment discrimination and retaliatory harassment. Plaintiff filed formal Title IX grievances, copied a wide array of senior administrators and equity personnel, and consistently invoked statutory and regulatory authority, citing federal law line and verse.

Courts have held that a Title IX claim requires actual notice by someone with authority to correct the issue, and a response that shows deliberate indifference. That is the case here.

Despite this, the University failed to act meaningfully. Instead, it engaged in a pattern of deliberate indifference: retaliating against Plaintiff through the manipulation of internal conduct processes, fabricating or excluding evidence, violating procedural obligations under 34 C.F.R. § 106.45, and ultimately dismissing Plaintiff's claims without substantiated rationale. These failures, taken together with the University's maintenance of parallel, undisclosed investigatory tracks and subsequent misrepresentations to external enforcement bodies, amount to willful noncompliance with Title IX's mandate.

Plaintiff seeks all appropriate relief under this Count, including compensatory damages for lost wages (back pay), anticipated future earnings (front pay), and non-economic damages arising from emotional distress and reputational harm.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following to the extent permitted by law:

Back Pay: Including lost wages and associated benefits for the period Plaintiff would have served as a salaried research assistant. Had Plaintiff been lawfully promoted, he would have received approximately $25,000 in salary and $10,000 in tuition remission annually, over three academic semesters. This totals approximately $52,500.00 in back pay.

Front Pay: Plaintiff is currently 37 years old. The median annual salary for Plaintiff's intended profession is $83,720, per the U.S. Bureau of Labor Statistics.

Assuming retirement at age 67, Plaintiff faces a loss of 30 working years, amounting to an estimated $2,511,600.00 in future lost earnings.

    Compensatory Damages for Emotional Distress and Reputational Harm: Plaintiff seeks compensation for severe emotional distress, alienation from his profession and academic community, and reputational injury resulting from the University's misconduct. As a reasonable and symbolic valuation, Plaintiff requests $1,062,573.00, the approximate annual salary of the University's president.

    Attorney's Fees and Costs: Pursuant to 42 U.S.C. § 1988 and other applicable law, Plaintiff seeks an award of reasonable attorney's fees and litigation costs.

    Such Other and Further Relief as the Court Deems Just: Including relief or injunctive orders as warranted by the facts and law.

Respectfully submitted,
Dated: 05/30/2025
John Doe
Pro Se Plaintiff