IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA,<br><br>              Defendant. | 4:25CV3122<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's motion to proceed under a pseudonym, Filing No. 3, and motion to file under seal a declaration containing Plaintiff's legal name and contact information, Filing No. 5. Plaintiff seeks to use the name "John Doe" in this case in order to protect his "privacy, safety, and professional reputation" due to the "sensitive matters" at issue in this action. Filing No. 3. Specifically, Plaintiff's Complaint, Filing No. 1, alleges claims for sex-based employment discrimination and retaliation under Title VII and Title IX because Plaintiff was denied a salaried promotion on the basis of sex and, after he complained about said discrimination, was subjected to an improper and retaliatory disciplinary process by the University of Nebraska, all while he was a student there.

      Courts "disfavor the use of fictitious names in legal proceedings," but the Eighth Circuit has recently held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). The Eighth Circuit set forth non-exhaustive factors a district court should consider when determining whether a party may proceed anonymously. Factors weighing in favor of party

anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threaten[s] to reveal information of a sensitive and highly personal nature"; (3) whether "a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity. *Id*. (internal quotation omitted). Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and whether "there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id*. (citations omitted). "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion. *Id*. at 1077–78.

After review of the Complaint and Plaintiff's motions and due consideration of the above factors, the Court finds Plaintiff has established that, at this time, it is appropriate for him to proceed under the fictitious name, John Doe. The allegations in the Complaint involve sex-based discrimination and what Plaintiff alleges were highly irregular and retaliatory disciplinary actions which have severely damaged Plaintiff's professional reputation and "resulted in Plaintiff being blacklisted within his professional sector." Filing No. 1 at 4. The Complaint contains "matters of a sensitive and highly personal nature" and Plaintiff's allegations suggest a threat of additional harm to his professional reputation and career prospects "that may be exacerbated by public disclosure of Plaintiff's identity." Filing No. 3. Moreover, Plaintiff states that he is willing to share his full legal name with the defendant and the nature

2

of Plaintiff's allegations indicates that the defendant would know Plaintiff's identity such that anonymity would not prejudice the defendants or otherwise be fundamentally unfair. *See Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities "lessens their claims to be prejudiced by the use of pseudonyms.") (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 n.11 (9th Cir. 2000)). Therefore, the Court will grant Plaintiff's motion to proceed under pseudonym and his motion to file the declaration containing his identity under seal.

However, the Court is entering this Order prior to service of process upon the defendant and without the benefit of hearing the defendant's position on the matter. As such, this decision shall be subject to reconsideration if this matter proceeds to service of process and if the defendant so requests. Accordingly,

IT IS ORDERED that:

1.  Plaintiff's motion to proceed under a pseudonym, Filing No. 3, is granted. Plaintiff may proceed under the pseudonym John Doe. This decision shall be subject to reconsideration if this matter proceeds to service of process and if the defendant so requests.

2.  Plaintiff's motion to file under seal, Filing No. 5, is granted, and the declaration attached to his motion, Filing No. 5-1, shall be filed under seal.

3.  The Clerk of the Court is directed not to include any of Plaintiff's identifying information contained in Filing No. 5-1 on the docket sheet.

Dated this 4th day of June, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge
