IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA,<br><br>    Defendant. | 4:25CV3122<br><br><br>**MEMORANDUM AND ORDER** |

  Plaintiff John Doe appears before this Court pro se and has been granted leave to proceed in forma pauperis. Plaintiff filed his original complaint on May 30, 2025, Filing No. 1, and a motion to amend his complaint on June 16, 2025, Filing No. 12, followed by an amended complaint on July 16, 2025, Filing No. 14. The Court will grant Plaintiff's motion to amend and consider the amended complaint, Filing No. 14, as the operative pleading. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). As explained below, Plaintiff's amended complaint fails to state a claim upon which relief may be granted, but he will be given leave to file a second amended complaint consistent with this order.

### I. SUMMARY OF COMPLAINT

  Plaintiff alleges his rights under Title IX were violated by the defendant, the University of Nebraska (University). Filing No. 14 at 1. Plaintiff is a former graduate student and former part-time research intern at the University. In August of 2023, Plaintiff asked if salaried research assistantships were available within his academic program and was told a position would soon be available with a faculty member. Plaintiff applied for a position and was

offered an hourly research internship by that faculty member, without the benefits previously provided to female interns in the same position. Filing No. 14 at 2-3.

Plaintiff claims he was denied a salaried promotion based on sex and, after complaining, was retaliated against for raising concerns of discrimination. Filing No. 14 at 1. Plaintiff worked in the part-time position for the Fall semester of 2023. When a salaried position opened, he and another male applied, but the faculty member selected a female candidate who was not yet in the program and therefore ineligible to begin work immediately. Plaintiff asked why he was not chosen, and the faculty member responded with overt sex-based hostility. Filing No. 14 at 2-3.

Plaintiff alleges the faculty member lodged complaints against Plaintiff to multiple university offices, including the Campus Police, the Equity Office, the Dean's Office, and the Office of Student Conduct. When Plaintiff formally filed a Title IX complaint concerning sex-based employment discrimination and retaliatory misuse of University procedures, at the faculty member's request, the Title IX Office directed the Office of Student Conduct to investigate Plaintiff. Filing No. 14 at 3.

Plaintiff alleges that a classmate who worked for the faculty member spread false information about him to a prospective employer, and the faculty member actively solicited student leaders to turn against him. Plaintiff's internship was not renewed. The Office of Student Conduct held a hearing and relied on biased and sexist information and characterizations. Plaintiff believed the hearing was retaliatory and unsuccessfully complained to the Title IX office. As a result of the hearing, Plaintiff was removed from his elected student government position. Filing No. 14 at 3.

2

The Title IX proceedings were held in the Winter of 2023 and Summer of 2024. Key evidence was concealed, including exculpatory evidence obtained by the Office of Student Conduct, with the Title IX Office's knowledge. The Equity Office was conducting a parallel investigation and intentionally withheld information from Plaintiff. The Title IX Office dismissed portions of Plaintiff's complaint but did not provide evidence to explain the dismissals. The complaint was dismissed and, on Plaintiff's appeal, summarily affirmed. Filing No. 14 at 4.

Plaintiff complained to the University senior compliance officer, system president, and other high ranking University personnel. One official continued the retaliation, another refused to act, and the University President did not respond. Filing No. 14 at 4.

In April 2024, Plaintiff filed a sex-based employment complaint with the Nebraska Equal Opportunity Commission (NEOC). The University response misrepresented or failed to fully disclose relevant facts. The NEOC denied Plaintiff's complaint, the decision was affirmed by the EEOC, and Plaintiff received a right to sue letter. Filing No. 14 at 4-5.

Plaintiff applied for several jobs but has not been hired. Plaintiff alleges that due to the University's discriminatory and retaliatory conduct, he is blacklisted in his profession. Filing No. 14 at 5. Plaintiff alleges that, due to the University's discriminatory and retaliatory conduct, he has lost past wages totaling approximately $52,500, lost future earnings totaling $2,427,880, and demands compensatory damages for emotional distress and reputational harm in the amount of $1,062,573.00 (the annual wage of the University president). Filing No. 14 at 7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).

3

The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery from the University for sex-based discrimination and retaliation in violation of Title IX of the Education Amendments of 1972,

20 U.S.C. §§ 1681-1688. Filing No. 14 at 1. To state a retaliation claim, Plaintiff must allege (1) he took part in a protected activity; (2) suffered an adverse action; (3) a causal connection exists between the two, and, perhaps, that the defendant knew of the protected activity. *Du Bois v. Bd. of Regents of Univ. of Minnesota*, 987 F.3d 1199, 1203-1204 (8th Cir. 2021) (discussing the circuit split but not determining the requisite elements of Title IX retaliation). To state a prima facie case for employment discrimination, the plaintiff must sufficiently allege membership in a protected class, that he met the employer's legitimate expectations, suffered an adverse employment action, and under the circumstances, discrimination can be inferred (for example, similarly situated employees outside the protected class were treated differently). *Carter v. Pulaski Cnty. Special Sch. Dist.*, 956 F.3d 1055, 1058 (8th Cir. 2020); *Libault v. Mamo*, No. 4:22-CV-3096, 2023 WL 3011259, at *7 (D. Neb. Mar. 20, 2023), *aff'd*, No. 23-1802, 2023 WL 6532621 (8th Cir. Oct. 6, 2023) ("[T]he elements of a prima facie case of sex discrimination in employment under Title IX are the same as a claim for discrimination under Title VII.").

The purpose of the complaint is to afford notice to the defendant of the claims being raised so it can effectively respond. "The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Topchian*, 760 F.3d at 848 (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057–58 (8th Cir. 2002)).

As explained hereafter, Plaintiff's complaint contains many broad characterizations and legal conclusions, but few specifics. The complaint does not identify the faculty member at the center of Plaintiff's Title IX complaints of discrimination and retaliation, the department where the faculty member

and Plaintiff were working, or even Plaintiff's program of study. Plaintiff does not identify the salaried University position for which he unsuccessfully applied, the type of position he is allegedly "blacklisted" from obtaining, his qualifications for either, or the comparative qualifications of those who were selected. Plaintiff alleges he was subjected to "overt sex-based hostility," Filing No. 14 at 3, "demonstrably false and professionally damaging statements" were made about him to a key prospective employer, *id.*, "biased, stereotype-driven characterizations" were presented during his hearing before the Office of Student Conduct, *id.*, and the faculty member "created discord" between Plaintiff and his classmates "by issuing contradictory instructions," *id.*, but he does not identify what was said, written, or done that was allegedly discriminatory or retaliatory or to whom any false or damaging statements were made. He claims high level University employees "actively facilitated the continued retaliatory actions," *id.* at 4, without stating who they were or what they did or said. Plaintiff's broad allegations are insufficient to state a claim for recovery against the University. *See, e.g.*, *Stockley v. Joyce*, 963 F.3d 809, 820 (8th Cir. 2020) (conclusory allegation that the defendant's statements caused reputational damage without alleging any facts in support failed to state a claim); *Williams v. Stewart*, 476 F. App'x 105, 106 (8th Cir. 2012) (holding that absent facts, conclusory allegations of retaliation failed to state a claim); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (retaliatory animus could not be inferred from speculative and conclusory allegations); *Welch v. Double 00 Shitshow*, No. 8:23CV318, 2023 WL 5297287, at *3 (D. Neb. Aug. 17, 2023) (conclusory allegations of libel, false light, malicious defamation or misappropriation failed to state a claim absent alleging, for each violation, the specific people involved, how or when it occurred, what was said or done, and any detail of the resulting harm).

## IV. OTHER PENDING MOTIONS

### A. Motions for Appointment of Counsel

With his original complaint, Plaintiff filed a motion requesting the appointment of counsel due to his inability to pay for retained private counsel, the complexity of the legal issues involved, and "the need for formal discovery and procedural practice." Filing No. 4. Plaintiff later filed an amended motion on June 16, 2025, detailing additional efforts he had made to secure counsel on his own. Filing No. 13. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Here, Plaintiff has demonstrated an ability to present his claims, at least through the initial stage of the litigation, and his pro se filings are generally well-written. Though his amended complaint fails to allege sufficient facts to state a claim for relief, the facts in support of Plaintiff's claims should be largely known to him and readily discoverable. Thus, upon careful review of the record, the Court finds there is no need for the appointment of counsel at this time. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements

7

should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### B. Motions Regarding Service

On July 16, 2025, Plaintiff filed a motion asking the Court to serve his amended complaint on the defendant. Filing No. 15. As stated above, the Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has now conducted this initial review and determined that Plaintiff's amended complaint fails to state a plausible claim for relief, so the Court will not direct the Clerk of the Court to issue summons on the defendant at this time. As this matter may not proceed to service of process at this time, Plaintiff's motion for service, Filing No. 15, is denied as premature.

Plaintiff also has filed a motion asking the Court to extend the time for serving his amended complaint "to 90 days after the Court issues its order directing service following the 28 U.S.C. § 1915 review." Filing No. 16. Upon consideration, Plaintiff's motion is granted to the extent that, if Plaintiff files an amended complaint and the Court determines this matter may proceed to service, Plaintiff will have 90 days from the date of the order directing service to complete service of process.

### C. Motions for Status

Finally, Plaintiff filed motions inquiring as to the status of this case on August 8, 2025, and September 30, 2025. Filing Nos. 17 & 18. Upon consideration, Plaintiff's motions for status are granted, and this Memorandum and Order serves to advise Plaintiff of the status of this case.

## V. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff has failed to state a claim against the defendant, but rather than dismiss the case, the Court will allow Plaintiff to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff's motion to amend his complaint, Filing No. 12, is granted, and the Court has considered the amended complaint, Filing No. 14, as the operative pleading.

2. Plaintiff shall have until **November 6, 2025**, to file an amended complaint. Plaintiff must state facts supporting his claim. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**November 6, 2025**: check for amended complaint."

5. Plaintiff's motions for appointment of counsel, Filing No. 4; Filing No. 13, are denied without prejudice to reassertion.

6. Plaintiff's motion for service, Filing No. 15, is denied as premature.

7. Plaintiff's motion to extend the time to serve defendant, Filing No. 16, and motions for status, Filing No. 17; Filing No. 18, are granted consistent with this Memorandum and Order.

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 7th day of October, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge